WILLIAM E. FULLER, Judge of Probate, *vs.* ALBINA DUPONT & others.

Bristol. January 12, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bond. Estoppel. Executor. Interest. Limitations, Statute of.*

One who signs an administrator's bond as surety in blank without sealing, upon a representation in behalf of the administrator that it is a guardian's bond and that a certain responsible person is to be the other surety, is bound by the bond as executed and delivered, if it is approved by the judge of probate in the usual course of business and appears on its face to be regularly executed, and the obligee had no notice of any irregularities in its execution.

In an action under Pub. Sts. c. 143, § 13, (R. L. c. 149, § 23,) on an administrator's bond. alleging mismanagement of the estate and failure to render an account after having been cited to do so, no demand is necessary before bringing the action. Nor is it necessary that a judgment should have been obtained.

In an action on an administrator's bond under Pub. Sts. c. 143, § 13, (R. L. c. 149, § 23,) it can be found that the administrator has not administered the estate according to law as required by the second condition of his bond, although he may have filed an account within the meaning of the bond, and is found not to have committed any wilful breach of trust.

In an action on an administrator's bond under Pub. Sts. c. 143, § 13, (R. L. c. 149, § 23,) alleging mismanagement of the estate and failure to render an account after having been cited to do so, it appeared, that after the action was brought the Probate Court made a decree allowing the defendant's account by which he was charged with a certain amount due the estate. In the action on the bond it was found that execution should issue for that amount, and was *held*, that interest should be computed thereon not from the date of the writ but from the later date of the allowance of the defendant's account in the Probate Court which determined how much if anything the defendant was to pay.

The fact that the estate of a deceased person has been represented insolvent does not bar an action on the bond of the administrator, following *McKim* v. *Roosa, ante,* 510.

An action on an administrator's bond under Pub. Sts. c. 143, § 13, (R. L. c. 149, § 23,) alleging mismanagement of the estate and failure to render an account after having been cited to do so is not barred by the special statute of limitations which relates to suits of creditors.

CONTRACT under Pub. Sts. c. 143, § 13, (R. L. c. 149, § 23,) in behalf of an administrator *de bonis non* of an estate represented to be insolvent, against the principal and sureties on the bond of a former administratrix who had been removed. Writ dated February 12, 1900.

The case was heard by *Braley,* J., who confirmed the report of a master to whom the case had been referred, and at the request of the parties reported the case for determination by the full court on the terms quoted in the opinion, raising the questions there considered.

The master among other matters found that the defendant Dupont, as administratrix of the estate of Theophile Dupont, rendered an account of her administration to the Probate Court for Bristol County, and that after a hearing thereon a decree was entered in that court on February 7, 1902, charging her with a balance of $1,708.65, which by reason of a clerical error should have been $1,708.35; and found that execution should issue for the sum of $1,708.35 and interest. He ruled that interest should be computed from February 7, 1902, the date of the decree of the Probate Court above named.

The report of the justice contained the following: " It appeared that after this action was brought the parties proceeded in the Probate Court to settle the defendant's account and that several hearings were there had, resulting in the decree of that court on February 7, 1902.

" It did not appear that any demand was made upon Albina Dupont, administratrix, before the bringing of this writ, or that she had committed any wilful breach of her trust, or had derived any benefit by way of investment of the amount or any part thereof found to be due from her to the plaintiff upon the settlement of her account in the Probate Court."

The justice ruled that interest should be allowed upon the principal sum from the date of the allowance of the account, confirmed the master's report, and ordered that execution should issue in the sum of $1,776.68.

*F. A. Pease,* for the plaintiff.

*H. A. Dubuque,* for the defendants.

MORTON, J.   This is an action upon an administratrix's bond in the usual form against the principal and sureties. The breaches alleged are that the administratrix did not faithfully administer the estate, but wasted and mismanaged the same, and has neglected to render an account after having been duly cited to do so.   The case was sent to an auditor who found that there had been a breach of the bond by the administratrix

in not properly accounting and settling her accounts in the Probate Court, and that the plaintiff was entitled to judgment for the penal sum of the bond. The case was heard by a single justice upon the auditor's report and agreed facts, and the justice ordered judgment for the penal sum of the bond and sent the case to a master to determine for what sum execution should issue, and upon the coming in of the master's report ordered execution to issue for the sum thus found due with interest from the date of the allowance by the Probate Court of the account of the administratrix. The case is here on the report of the presiding justice; — if his "rulings and refusals to rule were right, then the judgment and order for execution are to be affirmed; otherwise such judgment to be entered or order to be made as law and justice require."

1. The defendant Benoit, who is one of the sureties, contends that he is not liable because one Manchester who acted for the administratrix represented to him that the bond was a guardian's bond and that one Beauregard, who was a responsible person, was to be the other surety. Benoit thereupon signed the bond in blank and without sealing. The auditor found that the bond was approved by the judge of probate in the usual course of business, and that it appeared on its face to be properly and regularly executed, and that the obligee had no notice of any of the alleged irregularities in its execution. Under such circumstances either on the ground of estoppel or on the ground of apparent authority notwithstanding the particular representations the surety is bound by the instrument as delivered. *White* v. *Duggan*, 140 Mass. 18. *Goodyear Dental Vulcanite Co.* v. *Bacon*, 151 Mass. 460. *Casoni* v. *Jerome*, 58 N. Y. 315.

2. The defendants contend that demand should have been made on the administratrix before action was brought on the bond. But this action is brought under Pub. Sts. c. 143, § 13, and not under Pub. Sts. c. 143, § 10, and no demand was necessary. Nor for the same reason was it necessary that judgment should have been recovered against the administratrix before the bond could be put in suit. This is an action on the bond not for the benefit of a creditor, but for the benefit of the administrator *de bonis non* under § 13 as already observed, and there is no provision that in the cases arising under that section

the default of the principal shall be established by a judgment against him before an action can be brought on the bond.

3. The defendants further contend, as we understand them, that there has not been a breach of the bond as alleged. But assuming without deciding, as the defendants contend, that the filing of the account without regard to the question whether it was a true account or not, was a compliance with the order of the court and the condition in the bond, though filed after the year had expired, it is clear that it was competent for the court to find, upon the evidence before it, that the administratrix had not faithfully administered the estate, but had mismanaged and wasted it; or in other words. that she had not administered it according to law as required by the second condition in the bond, as in substance alleged in the declaration. The finding by the justice that she had not committed any wilful breach of her trust was entirely consistent with this.

4. We think that the ruling that interest should be computed from the date of the allowance of the account by the Probate Court and not from the date of the writ was correct. *Jackson* v. *Brockton*, 182 Mass. 26. Until the account was passed upon it could not be determined how much if anything the administratrix was to pay. The decree of the Probate Court fixes the time as of which the accounting is to take place, but the date from which interest shall be reckoned depends on other considerations.

5. It would have been the duty of the Probate Court, when the administratrix represented the estate insolvent, upon the matter being called to its attention, to appoint commissioners or itself to hear and pass upon the claims presented. But the matter does not appear to have been called to its attention, and the fact that the estate was represented insolvent by the administratrix is not a bar to an action against the administratrix and her sureties on the bond. *McKim* v. *Roosa*, *ante*, 510. The special statute of limitations does not operate as a bar to the maintenance of this action. That relates to suits or claims by creditors. This is an action upon the bond of the administratrix. Whether any of the claims that were allowed should not have been allowed by reason of the statute bar is not now before us.

We have considered all the objections that have been argued by the defendants in their brief. Others were raised at the hearing before the single justice, but we treat those as waived. The result is that we think that the judgment and order for execution should be affirmed.

*So ordered.*