MARY E. MAGULLION & another, trustees, *vs.* JOHN E. F. MAGEE.

Suffolk.    March 7, 1922. — May 18, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice*, Master: exceptions to report, motion to recommit. *Partnership*.

In a bill in equity by trustees under the will of one of two partners against the surviving partner to establish an interest of the plaintiffs' testator in certain real estate purchased by the defendant in his own name and alleged by the plaintiffs to have been held by him for the partnership, there were allegations that, during the term of the partnership, the defendant gradually assumed charge of the finances of the partnership, that at the time of dissolution he had entire charge of the finances and of purchasing supplies and paying bills, and that during that time the plaintiffs' testator, "who was a man of many friends, devoted his time and efforts to procuring patronage and customers for the partnership business." The defendant in his answer admitted "that the duties of business manager of the firm were largely assumed by him, but" denied "that he had charge of the finances of the partnership." A master who heard the suit found that the defendant "was a good business man and for the most part attended to the general management of the business." The plaintiffs excepted to the report on the ground that the master had made no findings on the issues raised by the above described portions of the bill and answer. *Held*, that

    (1) The issues in question were covered by the report;

    (2) A master is not required to state every subsidiary circumstance which brings his mind to its ultimate determination as to the facts.

An interlocutory decree in a suit in equity denying a motion to recommit a report to a master must be affirmed upon appeal unless the record shows an abuse of judicial discretion.

In the suit above described, the master found, without a report of the evidence, that premises purchased by the defendant adjoined the firm's principal place of business which was on property owned by the plaintiffs' testator, and that the firm had used a part thereof as lessees before the purchase; that a day or two after the purchase the defendant told the plaintiffs' testator of it and he was "greatly disturbed" and "expressed his disappointment" to the defendant and several others; that there was no evidence that the plaintiffs' testator made any demands on the defendant to give him an interest in the property or that he offered to pay any part of the purchase price and that "whatever chagrin or disappointment he may have suffered appears to have quickly passed, and the entirely friendly relations of the partners continued;" that the defendant "bought in expectation that this property would continue to be used by the partnership;" that by agreement of the partners later extensive altera-

tions and repairs were made upon the property in connection with the other property used by the partnership, the expense thereof being paid by the partnership and carried on the books as a partnership asset; that during the life of the plaintiffs' testator "he never questioned the legal right of" the defendant "to purchase this property as he did, and never asserted in any manner any interest in the property as belonging either to the partnership or himself; . . . that neither of the . . . plaintiffs . . . nor any beneficiaries under the trust, ever asserted any claim to have any right, title or interest in or to the "property in question until this suit was brought over five years after the purchase, although the facts in regard to the purchase were known to some of them from the first; that after the alterations above described an attorney for the plaintiffs' testator presented to the defendant an agreement as to a party wall between the properties, owned then respectively by the partners as individuals, and that, after the death of the plaintiffs' testator, in leasing their testator's real estate to the defendant, they inserted a provision in the lease which recognized him as owning the premises in question. A final decree was entered dismissing the bill. The plaintiffs appealed. *Held,* that

(1) Upon the findings of the master, it could not be said as a matter of law that either partner ever intended that the real estate in question should belong to the firm;

(2) The decree must be affirmed. •

BILL IN EQUITY, filed in the Superior Court on August 16, 1917, by trustees under the will of John R. Magullion against John E. F. Magee, seeking to have property numbered 6 Dover Street in Boston, which on January 25, 1912, when a partner with the plaintiff under the firm name of Magullion and Company, the defendant had purchased in his own name, declared to be partnership property, for an accounting as to rents and profits and for a determination of the plaintiffs' interest therein and its payment to them.

In the Superior Court, the suit was referred to a master. Material findings of the master are described in the opinion. The plaintiffs filed seven exceptions to the report, and in this court relied only upon the first and second, which were as follows:

"1. For that the master has made no findings on the issues raised in the 5th paragraph of the bill of complaint and answer.

"2. For that the master finds in paragraph 9 that the trustees never asserted any claim to have any right, title or interest in the Dover Street property until this action was brought in 1917. Whereas it appears by the allegations contained in the bill of the action started November 10, 1914, and attached as an exhibit to the master's report in the case of Magullion et al, executors, vs. Magee, which action was tried with this present action,

that the executors of the Magullion estate were claiming an interest in the premises 6 Dover Street, and the master has incorporated in his report in the action of the executors against Magee in paragraph 23, a statement of the allegations in this respect, and the master's findings thereon, and it further appears that in the bill of complaint brought by said executors against Magee and tried with the present case, issues were raised as to the interest of said executors in the premises 6 Dover Street."

The allegations of the fifth paragraph of the bill of complaint, referred to in the bill of exceptions of the plaintiffs, were as follows: "5. That during the term of said partnership the said defendant, John E. F. Magee, gradually assumed charge of the finances of the partnership, and at the time of. the dissolution of said partnership he had entire charge of the finances of the partnership and of purchasing supplies and paying bills; that during said time said John R. Magullion, who was a man of many friends, devoted his time and efforts to procuring patronage and customers for the partnership business." The paragraph of the answer relating to the foregoing allegations was as follows: "5. The defendant admits that the duties of business manager of the firm were largely assumed by him but denies that he had charge of the finances of the partnership."

The suit was heard by *Wait*, J., upon the master's report, a motion of the plaintiffs to recommit it to the master and exceptions by the plaintiffs to the report, and by his order there were entered an interlocutory decree denying the motion to recommit, overruling the exceptions and confirming the report, and a final decree dismissing the bill with costs.

The plaintiffs appealed.

*C. H. Cronin,* for the plaintiffs.

*Lee M. Friedman,* (*W. E. Collins* with him,) for the defendant.

CROSBY, J. This is a bill in equity, brought by the trustees under the will of John R. Magullion against his surviving partner, to establish a trust in certain real estate numbered 6 Dover Street, in Boston, the record title to which stands in the name of the defendant. The case was referred to a master, together with a suit between the plaintiffs, as executors of the will of John R. Magullion, and the defendant, for an accounting. The master found that the real estate was not partnership property and a

decree has been entered dismissing the bill. The case is before us on the first and second exceptions to the master's report (the others having been waived), and on an appeal from a denial of a motion to recommit, and an appeal from a final decree. The evidence is not reported.

The first exception is based upon the objection that the master made no findings on the issues raised in the fifth paragraph of the bill and the answer thereto. He found that "Magee was a good business man and for the most part attended to the general management of the business." This finding, together with the other findings, would seem to cover the issues in question, to enable the master to report the facts. "A master is not required to state every subsidiary circumstance which brings his mind to its ultimate determination as to the facts." *Smith* v. *Lloyd*, 224 Mass. 173, 176.

The second exception is to the finding that the trustees "never asserted any claim to have any right, title or interest in the Dover Street property until this action was brought in 1917," because it is inconsistent with the facts reported in the action of *Magullion* v. *Magee*, *post*, 360, tried with this action. The report in the present case and that in the suit by the executors deal at length with the relations of the partners. If there is any inconsistency in the findings, as claimed, it is immaterial in view of the conclusion which we have reached. The exceptions must be overruled.

The motion to recommit the report rested in the sound discretion of the court, and is final unless the denial of the motion was an abuse of judicial discretion, which does not appear.

The question remains whether, upon the findings made, the plaintiffs were entitled to a final decree that the real estate was partnership property. It adjoined the property on Tremont Street where the firm's principal place of business was located, and the first floor and basement were used in connection with that business under a lease before the time it was purchased by the defendant, who paid therefor $7,500 and $200 taxes. The master states that the defendant told Magullion a day or two after he had acquired title that he had purchased the property and that "This purchase by Magee greatly disturbed Magullion when he learned of it, and he expressed his disappointment to

Magee, Flynn and members of his own family. The evidence does not disclose that Magullion made any demands on Magee to give him any interest in the property, or that he offered to pay any part of the purchase price. Whatever chagrin or disappointment he may have suffered appears to have quickly passed, and the entirely friendly relations of the partners continued. I find Magee bought in expectation that this property would continue to be used by the partnership." And further, that afterwards, and during the lifetime of Magullion, the partners agreed upon extensive alterations upon both the Dover Street and Tremont Street property, the latter being owned by Magullion; that these repairs were made and both properties continued to be used in the business; that the entire expense of the alterations and such fixtures as were added was $15,355.22, all of which was paid by the partnership and carried on their books as an asset in an account called "Alterations and Fixtures;" that former repairs and alterations on the Tremont Street building used by the firm were paid for by it and carried on the same account. And he concludes: "I find that during the life of Magullion he never questioned the legal right of Magee to purchase this property as he did, and never asserted in any manner any interest in the property as belonging either to the partnership or himself. I find that neither of the trustees, plaintiffs herein, nor any beneficiaries under the trust, ever asserted any claim to have any right, title or interest in or to the Dover Street property until this action was brought, in March 1917, although the facts in regard to Magee's purchase of it were known to Flynn from the first, and by the others after the hearings before the master in the former case, if not before."

The master also found that after the alterations above referred to had been made, Magullion's attorney presented to Magee for his signature an agreement relating to the party wall between the two properties, in which the Dover Street property was treated as belonging to the defendant; that in April, 1916, when the plaintiffs as trustees leased the Tremont Street property to the defendant, they inserted a provision in the lease by which the defendant agreed that if he sold, mortgaged or leased No. 6 Dover Street he would do so subject to the restriction and condition that for a period of fifteen years "the person holding title

should not object to the granting of liquor licenses on the Magullion property."

Upon these and other findings it cannot be said as matter of law that Magullion or the defendant ever intended that the Dover Street property should belong to the firm. It follows that the final decree dismissing the bill with costs must be affirmed.

*So ordered.*