PHILIP B. LONG *vs.* HENRY LOWREY & another.

HENRY LOWREY & another *vs.* JOHN C. KILEY & others.

PHILIP B. LONG *vs.* CHARLES W. FRENCH & others.

Middlesex, Suffolk.    November 21, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Equity Pleading and Practice*, Appeal, Recommittal to master. *Deed*, Validity, Reformation. *Equity Jurisdiction*, Mistake, Reformation of deed, Accounting. *Joint Tenants and Tenants in Common.*

On an appeal from a final decree in a suit in equity based on a report of a master which does not include a report of the evidence upon which the findings of the master were based, the facts found by the master must be taken as true where they are not mutually inconsistent nor plainly wrong.

The only question, raised in a suit in equity by an appeal from a final decree which conforms to the allegations and prayers of the bill and to findings of a master whose report did not include a report of the evidence before him, is, whether any error of law is apparent upon the face of the record.

The recommittal of a report to a master rests in the sound discretion of the trial judge.

A certain parcel of real estate, owned by two persons, stood in the name of a third who had no beneficial interest therein. The real owners sold it to three purchasers. A deed was drawn, executed and acknowledged on a September 1 by the holder of the record title in which the name of one of the real owners was inserted as grantee. Thereafter the name of the grantee was erased and, successively, two different names were inserted in its place, the last name inserted being that of one of the three purchasers who, at the request of the others, took title for the benefit of the three. The deed then was re-dated September 24 and was re-acknowledged, but not re-signed, by the grantor, who understood the facts; and it then was delivered and for the first time recorded. None of the purchasers knew of these changes in the name of the grantee. The validity of the deed was not questioned either by the grantor or by the original grantee or by the purchaser in whose name the title was taken, but only by the other two purchasers. *Held,* that the deed was valid.

On the pleadings and facts found by a master, a decree for the plaintiff was warranted in a suit in equity seeking a reformation, by reason of an omission due to a mutual mistake, of two deeds of the plaintiff, one to each of two defendants, conveying a one third individual interest in certain real estate, so that the conveyances should be subject to a certain second mortgage.

Findings of a master, to whom was referred a suit in equity seeking the cancellation of a mortgage upon premises owned in part by the plaintiffs, were *held* to warrant a dismissal of the suit.

In a suit for an accounting as to rents collected by one defendant from premises, owned in undivided parts by the plaintiff and by two other defendants, and

for an application thereof to payments required by a mortgage upon the premises, to which the deeds of the second and third defendants should have been but were not made subject, a decree for the plaintiff was *held* to have been warranted on the pleadings and findings of a master.

BILL IN EQUITY, filed in the Superior Court on April 13, 1921, by Philip B. Long against Henry Lowrey and Julia F. French, seeking a reformation of two deeds from the plaintiff, each naming one of the defendants as the grantee and conveying a one third undivided interest in certain real estate, the plaintiff alleging that through inadvertence, accident and mistake the deeds were not made subject to a second mortgage to one Edward F. Cassell and one John C. Kiley; also a

BILL IN EQUITY, filed in the Superior Court on March 28, 1921, and afterwards amended, against Kiley, Cassell and Long seeking a rescission, by reason of an alleged unlawful conspiracy and fraud, of a real estate transaction whereby the real estate described in the first named suit was sold and conveyed to Long and the plaintiffs subject to a second mortgage to Kiley and Cassell, and for an accounting; also a

BILL IN EQUITY, filed in the Superior Court on December 1, 1920, against Charles W. and Julia F. French and Henry Lowrey, seeking that certain moneys which the plaintiff had collected as rents from the premises above described and had turned over to the defendant Charles W. French, should be applied by Charles W. French toward payments upon the second mortgage above described and with relation to the premises.

The three suits were referred to the same master. After the filing of reports by the master, on motion of Long and by order of *Sisk,* J., an interlocutory decree was entered in each suit recommitting the case to the master "for the sole purpose of ascertaining and reporting to the court such findings of fact as may be necessary to enable the court to determine whether or not the instrument delivered to the plaintiff and purporting to be a deed from Charles H. Connelly to the plaintiff, Philip B. Long, was a valid deed." From these interlocutory decrees the Frenches and Lowrey appealed.

Material findings by the master as reported by him in the original and supplementary reports are described in the opinion. By order of *Sisk,* J., there were entered an interlocutory decree in each suit confirming the master's reports; in the first suit a

final decree reforming the deeds from the plaintiff to the defendants as prayed for by the plaintiff; in the second suit a final decree dismissing the bill with costs, and in the third suit a final decree directing the defendant Charles W. French to pay to Kiley and Cassell, second mortgagees, the sum of $413. Henry Lowrey and Julia F. French appealed from the final decrees in the first two suits, and they and Charles W. French appealed from the final decree in the third suit.

*J. S. Richardson & C. J. Halligan*, for Lowrey and the Frenches.
*F. P. Garland & C. E. Leonardi*, for Long.

DE COURCY, J. The material facts on which these suits depend are found by the master to be as follows: On September 24, 1920, as the result of prior negotiations, Henry Lowrey, Julia F. French and Philip B. Long, jointly purchased from John C. Kiley and Edward F. Cassell a certain lot with buildings on High Street in the city of Medford for $35,000. It was subject to a mortgage for $22,500 to the Winchester Savings Bank; and they agreed to pay the balance of the purchase price by giving to Kiley and Cassell a second mortgage on the property for $9,500, and by each paying $1,000 in cash. For sufficient reasons Lowrey and Julia F. French did not desire to have the title stand in their names. Accordingly they adopted this plan: each of the purchasers paid $1,000; Charles H. Connelly, in whose name the record title stood as straw man for Kiley and Cassell, conveyed the property to Long; Long executed a note secured by second mortgage for $9,500 to Kiley and Cassell, — one third of which Lowrey and Julia F. French each orally assumed and agreed to pay; and Long conveyed to each of them an undivided one third interest in said real estate.

Owing to inadvertence of the parties, and the error and mistake of the stenographer, no reference was made in said deeds to Lowrey and Julia F. French to their agreement to assume and pay, each, one third of the second mortgage. By agreement of the three Charles W. French, husband of Julia F., managed the property and collected the rents. He refused to pay the October instalment of interest on the second mortgage, although requested by Long to do so. On November 27, 1920, Kiley and Cassell entered upon the premises for the purpose of foreclosing their mortgage, and have since been in possession.

The master's supplementary report discloses the following additional facts. The deed from Connelly to Long was originally drawn on September 1, 1920, with Edward F. Cassell named therein as grantee. Connelly had no real or beneficial interest in the subject of the conveyance, and was acting merely for the convenience of, and as a straw man for, said Kiley and Cassell. By Cassell's direction, his name as grantee was erased from the deed, the name of one Ambler was substituted and later stricken out, and the name of Philip B. Long inserted as the grantee. The date of the deed was changed to September 24, and Connelly again acknowledged it, with full knowledge that the grantee therein had been changed. Until a long time after the delivery of the Connelly deed to him, Philip B. Long was ignorant of the changes made in said deed, and ignorant of the fact that any conveyance had been made, or attempted to be made, by Connelly to Cassell. Neither Long nor Connelly nor Cassell questions in any way the validity of said deed.

The suit of Long against Henry Lowrey and Julia F. French was brought seeking reformation of the deeds to them, so as to make the same subject to the said second mortgage of $9,500, in conformity with the agreement of the parties. The facts found by the master in his original and supplementary reports must be taken as true, in the absence of the evidence, as they are not mutually inconsistent nor plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. The decree conforms to the allegations and prayers of the bill. The only question raised by the appeal of the defendants is whether there is any error of law apparent on the face of the record. *Portland Steamship Co.* v. *Dana,* 172 Mass. 447, 448. *White* v. *White,* 169 Mass. 52, 55. The recommittal of the case to the master rested in the discretion of the trial judge, and we find no error in the exercise of that discretion. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 210.

The main contention of the defendants is that the decree was unwarranted by reason of the facts disclosed in the supplementary report of the master: namely, that the name of Long was inserted as grantee in the deed from Connelly after the names of Cassell and Ambler had been inserted and erased; and, that Connelly, while he re-acknowledged, did not re-sign the instrument. As

already stated the validity of the deed is not questioned by Connelly, Cassell or Long. Indeed the grantor Connelly would be estopped to do so, as he was present and consenting when the name of Long was inserted. The important fact, however, is that when the deed was delivered to Long he was ignorant of the fact that changes had been made or attempted to be made therein. On its face the instrument was duly executed; it was delivered by the grantor; and Long, who took it in good faith, had the right to rely upon it. *White* v. *Duggan,* 140 Mass. 18. *Phelps* v. *Sullivan,* 140 Mass. 36. *Fuller* v. *Dupont,* 183 Mass. 596. In fact, as the prior deed to Cassell never was recorded, it could not avail in any event against the duly recorded deed to Long. G. L. c. 183, § 4. *Stark* v. *Boynton,* 167 Mass. 443. On the facts found by the master this case is plainly distinguishable from *Macurda* v. *Fuller,* 225 Mass. 341, where the blank for the name of the grantee was never filled in, and the intended grantee knew that the invalid deed to Fuller had been executed in blank. In *Carr* v. *Frye,* 225 Mass. 531, also relied upon by the defendants, the deed was delivered to, and the estate vested in, the original grantee. Months afterwards his name was erased and the name of his wife inserted; and the Land Court rightly held that the alteration in the deed did not divest him of his title, in favor of their children. The decree in favor of Long, ordering a reformation of his deeds to Henry Lowrey and Julia F. French, must be affirmed.

The suit of Henry Lowrey and Julia F. French against Long, Kiley and Cassell, sought a cancellation of said second mortgage which the plaintiffs alleged was never authorized by them: they claiming that the purchase price for the property was only $3,000 above the Winchester Savings Bank mortgage. By amendment they sought the cancellation of the deed from Connelly to Long, by reason of the facts disclosed at the original hearings before the master, with reference to the insertion of Long's name in the deed. In addition to the findings hereinbefore set forth, the master found that none of the misrepresentations alleged to have been made by Kiley and Cassell were in fact made; and that the plaintiffs and Long entered into the transaction upon their own independent investigation, with full knowledge of the facts in regard to the property. On the findings of the master, the trial court entered a decree dismissing this bill with costs. For the reason already

stated with reference to the suit of Long against Lowrey and Julia F. French, the decree must be affirmed.

The third suit is that of Philip B. Long against Charles W. French, Henry Lowrey and Julia F. French. It was brought to compel said Charles W. French to apply the collected rents of the property toward the instalment of principal and interest on said second mortgage and other expenses; and to restrain said Lowrey and Julia F. French from interfering with said Charles W. French in carrying out the terms of his agreement. The master found that it was agreed between the parties that the defendant Charles W. French should collect the rents of the property; that he should pay therefrom all proper charges for maintenance, upkeep, heating and repairs, and the monthly instalment of $125 on account of the principal of said second mortgage and the interest thereon; that he collected the sum of $433 from which he properly paid $20 to a janitor; and that he holds the balance, $413, subject to said agreement. There was also a finding that the purchase of certain coal by the plaintiff was made with the knowledge and assent of the defendants Lowrey and Julia F. French. The decree of the trial court, founded upon the findings of fact of the master, ordered the defendant Charles W. French to pay to the second mortgagees the said sum of $413. For the reasons hereinbefore set forth, that decree must be affirmed.

In each of said three cases the entry is to be made

*Decree affirmed with costs.*