LODIA LEDOUX & another *vs.* HENRY LARIVIERE.

Worcester.   September 26, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Appeal; Decree; Master: report, recommittal.   *Contract,* Performance and breach.

A defendant in a suit in equity saved exceptions to the entry of an interlocutory decree denying a motion for the recommittal of a suit to a master and confirming the master's report, but filed no bill of exceptions and did not appeal from the interlocutory decree but did appeal from the final decree.   *Held,* that

(1) The only question raised by the appeal was whether the final decree was within the scope of the bill and supported by the facts found;

(2) In this case, the facts found by the master were not inconsistent with the allegations of the bill; and the final decree was within the scope of the bill and the facts found, and was affirmed.

In a suit in equity for an accounting, it appeared that the defendant had agreed with the plaintiff to erect a house on the defendant's land according to certain plans and specifications and, when it was completed, to convey it to the plaintiff for a certain purchase price, the plaintiff to furnish certain material and work; that the plaintiff did as he agreed and, with the consent of the defendant, entered the house before it was completed; and that the defendant did not perform his agreement and refused to convey to the plaintiff.   A master, without a report of evidence, found that the plaintiff had not waived performance by the defendant.   On appeal from a final decree for the plaintiff, it was *held,*   ·
that the question of waiver was one of fact and that in the circumstances the master's finding was final.

A master, to whom was referred a suit in equity to hear the parties and report his findings "with such facts and questions of law as either party may request," is not required to report all subsidiary facts found by him.

The disposition of a motion for a recommittal of a master's report in a suit in equity is within the sound discretion of the judge.

BILL IN EQUITY, described in the opinion, begun by a writ of summons and attachment dated January 9, 1926.

In the Superior Court, the suit was referred to a master. Material facts found by the master without a report of the evidence, and proceedings in the Superior Court before *Brown*, J., are described in the opinion. The defendant appealed only from the final decree.

*E. A. Brodeur*, for the defendant.

*J. J. Moynihan*, for the plaintiff.

CARROLL, J. The allegations of the bill in this suit in equity are that the defendant, the owner of a certain tract of land, agreed with the plaintiffs to build a house thereon according to certain plans and specifications, and when the house was finished the land was to be conveyed to the plaintiffs; that the defendant began the construction of the house and the plaintiffs paid him $1,650 on the purchase price; that the plaintiffs "moved into the premises, they being at that time substantially completed . . . [but they] were not completed in accordance with the terms of the contract," and the plaintiffs so notified the defendant, who promised to "see to it and rectify the premises"; that the plaintiffs were to do certain specified work, and in the fulfilment of this promise they installed the heater, cemented the cellar, did all the outside work, supplied shades and balcony dryers at an expense of $1,188.39 and paid out $49.80 for gas piping. It is further alleged that the plaintiffs are ready and willing to comply with the contract; that the defendant refuses to complete the contract and convey the premises to the plaintiffs; that, without the consent of the plaintiffs, he has placed a mortgage for $7,000 on the premises and insists on retaining the sums expended and advanced to him, amounting to $2,888.19. The plaintiffs prayed for an accounting. The case was referred to a master to hear the parties and report his findings, "with such facts and questions of law as either party may request."

The master found that the agreement was entered into in effect as alleged in the plaintiffs' bill; that the plaintiffs were to pay $11,000 and to accept a deed when the house was completed; that the house was not constructed in a good and workmanlike manner "or with good materials"; that with the consent of the defendant the plaintiffs took posses-

sion of the premises before the house was completed; that the defendant has never tendered a deed, and that the occupation of the premises did not amount to a waiver. It was further found that the plaintiffs were ready, able and willing to purchase the property, provided the house was completed according to contract.

An interlocutory decree was entered confirming the report and denying the defendant's motion to recommit. The defendant excepted to this order of the court, but filed no bill of exceptions. He did not appeal from the interlocutory decree. A final decree was entered, directing the defendant to pay "the plaintiff the sum of $2,256.33 with costs." The defendant appealed from the final decree. It also appeared that the defendant filed a cross bill, but as the record shows that no action was taken on this bill, we do not consider it.

As the interlocutory decree was not appealed from, and no bill of exceptions was filed, the only question raised by this appeal was whether the final decree was within the scope of the bill and supported by the facts found. *Giuliani* v. *Cordone,* 246 Mass. 426, 427. *Church* v. *Brown*, 247 Mass. 282, 287. *Kronberg* v. *Bulle*, 247 Mass. 325.

The findings of the master were not inconsistent with the allegations of the bill. The plaintiffs alleged that the premises were not completed according to the contract, and the master so found. The question of waiver by the plaintiffs of the defendant's failure to comply with the contract was, in the circumstances, one of fact. *Noyes* v. *Noyes,* 224 Mass. 125, 132.

From an examination of the record it does not appear that the final decree was erroneously affected by the interlocutory decree overruling the exceptions and confirming the master's report. G. L. c. 214, § 27. *Fay* v. *Corbett*, 233 Mass. 403, 409, 410. The report adequately covered the issues raised by the pleadings. The master was not required to report all the subsidiary facts. *Magullion* v. *Magee*, 241 Mass. 355, 358. The question of the recommittal of the master's report was within the sound judicial discretion of the judge. *Magullion* v. *Magee, supra.* *Long* v. *Lowrey*, 243 Mass. 414, 417. There was no abuse of this discretion.

*Decree affirmed.*