NATIONAL RADIATOR CORPORATION *vs.* ELI PARAD & others.

Suffolk.    March 2, 1937. — May 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice,* Exceptions, Appeal, Intervening petition, Requests and rulings. *Equity Jurisdiction,* To reach and apply equitable assets, To set aside conveyance in fraud of creditors.

The mere filing, by a party to a suit in equity, of statements of exceptions to sundry findings and rulings, where no bill of exceptions was filed or allowed, presented nothing to this court respecting the matters set forth in such statements when the suit was brought here on an appeal from the final decree.

The mere filing of an objection to the allowance of a petition to intervene in a suit in equity did not open the allowance to review in this court upon an appeal from the final decree.

An appeal from findings of fact contained in a statement of findings, rulings and an order for a decree in a suit in equity does not lie where the evidence is not reported; nor does an appeal lie from an order for a decree.

Interlocutory orders not properly brought to this court in a suit in equity are not open on appeal from the final decree unless they erroneously affect it.

An adverse claimant to the proceeds of a promissory note, sought in a suit in equity to be reached and applied to satisfaction of a debt due from the payee to the plaintiff, rightly was permitted to intervene.

On appeal from a final decree in a suit in equity, if the evidence is not reported and findings made by the trial judge are not inconsistent with each other, the only question open is whether the decree is consistent with the pleadings and with the facts found.

Requests for rulings are immaterial on an appeal from a final decree in a suit in equity.

In a suit in equity to reach and apply, to payment of a debt owed the plaintiff by the principal defendant, property fraudulently transferred by the principal defendant, a portion of the final decree which directed a balance of the proceeds from a sale of the property, after satisfaction of the debt, to be paid to the principal defendant, was modified by directing it to be paid to the transferee, the transfer being valid between the immediate parties thereto.

There was no error in an order refusing to allow exhibits to be included in a record to be transmitted to this court on appeal from the final decree in a suit in equity unless the entire oral evidence taken in the trial court was included.

BILL IN EQUITY against Eli Parad, Max Fishbon, Samuel I. Jacobs, and The Holy Greek Orthodox Church of St. John the Baptist and others, filed in the Superior Court on July 31, 1934.

The defendant Fishbon filed a plea in abatement, which, after a hearing by *Weed*, J., was overruled as being insufficient in law. That defendant then merely filed a "notice" stating that he excepted to the overruling of the plea.

The suit then was heard by *F. T. Hammond*, J. The record contains "requests" by the defendant Fishbon "for rulings." The judge filed a "statement of findings and order for decree," in which no mention was made of such requests. The defendants Parad and Fishbon filed what purported to be their several appeals from the rulings and orders of the court as contained in the "statement of findings and order for decree." No decree was entered in accordance with such order.

Jacob Polisner then filed the petition to intervene described in the opinion. By order of *F. T. Hammond*, J., this petition was allowed on February 26, 1936. The defendants Parad and Fishbon filed a paper stating merely that they severally objected to the filing and allowance of the petition.

A motion of the Church to amend its answer was allowed by *F. T. Hammond*, J. The defendant Fishbon merely endorsed on the court's order a statement that he excepted to the order.

Amended answers then were filed by the other defendants; and the defendant Parad filed a motion for jury issues, which was heard and denied by *Walsh*, J. The defendant Parad filed merely a claim of exception to such denial.

There then was a further hearing by *Burns*, J., and a statement by him of "findings and rulings" and of an "order for decree" amending the order formerly filed by *F. T. Hammond*, J. The defendants Parad and Fishbon each filed a statement of exceptions to the "findings, rulings and order for decree entered" by *Burns*, J. Parad also moved for a modification of such findings, rulings and order, which

*Burns*, J., denied; whereupon Parad filed a claim of exceptions to such denial.

A final decree was entered by order of *Weed*, J., as described in the opinion. Twenty days later the defendants Parad and Fishbon filed an appeal to this court.

Later the defendants Parad and Fishbon filed a document stating that the "printing of commissioners' reports of oral evidence" was waived by them and that they were "willing to rest their case before the full court on all the various pleadings, all their written exceptions and the two reports of material findings by the court."

Later the plaintiff and the intervener filed an objection "to the transmission to" this court "of any evidence, exhibits introduced at the trials ·. . . unless the entire evidence as taken by the duly appointed commissioners is reported." This objection was sustained by *Williams*, J., after a hearing. The defendants Parad and Fishbon filed a claim of appeal from the sustaining of such objection.

*D. W. Jacobs*, for the defendants Parad and another.

*V. E. Pichulo*, for the defendants The Holy Greek Orthodox Church of St. John the Baptist, and others, submitted a brief.

*C. Richmond*, (*H. S. Mann* with him,) for the plaintiff and the intervener.

QUA, J. The plaintiff is the assignee of a judgment against the defendant Parad. The present bill is brought against Parad and also against one Fishbon and The Holy Greek Orthodox Church of St. John the Baptist, hereinafter called the Church, and others for the principal purpose of reaching and applying to the payment of the judgment a promissory note given by the Church to one Polisner and by him transferred to Parad. It is alleged that Parad in turn transferred this note to Fishbon in fraud of the plaintiff.

At a hearing on the merits the judge found these facts: The Church had given the note to Polisner in part payment for a heating system which Polisner and Parad had contracted to install in the church building "as a partnership undertaking." When the work was substantially

completed "they arranged together to wind up the business and agreed that after the outstanding bills . . . were paid the note should be paid over by Polisner to Parad to collect and to pay over to Polisner out of the proceeds a sum agreed upon as his share of the profits of the partnership undertaking." Thereafter Polisner turned the note over to Parad indorsed in blank. Parad transferred it to Fishbon with actual intent to defraud Parad's creditors. Fishbon gave no consideration and participated in the fraud.

After this hearing, Polisner was allowed to intervene for the purpose of protecting his interest in the note under his agreement with Parad, and the Church was permitted to amend its answer by setting up a counterclaim for damages for alleged improper work in installing the heating plant. Upon the issues thus raised a further hearing was had before a second judge, who found that Polisner was entitled to the sum of $700 as set out in his petition to intervene and that the Church was entitled to damages in the sum of $300. Thereafter a final decree was entered declaring the transfer of the note from Parad to Fishbon fraudulent, commanding Fishbon to deliver the note to the plaintiff to be held by the plaintiff with its proceeds in trust to pay the $700 to Polisner, to pay itself the amount of its judgment, to pay $300 to the Church and to pay any balance to the defendant Parad. The proceedings are somewhat complicated, and the foregoing is intended only as a general outline.

At various interlocutory stages of the case the defendants Parad and Fishbon filed exceptions to orders of the court, which in their brief they ask to have treated as appeals. The record does not disclose that any bill of exceptions was ever filed or allowed. The mere claim of an exception is of no avail. *Sullivan* v. *Roche,* 257 Mass. 166, 170. *Ledoux* v. *Lariviere,* 261 Mass. 242, 244. It is wholly different from an appeal and cannot be treated as such. Compare G. L. (Ter. Ed.) c. 231, §§ 113–115, with G. L. (Ter. Ed.) c. 214, § 26. This is not a case where exceptions taken at the hearing are brought up by an appeal with a report of the evidence. See G. L. (Ter. Ed.) c. 214, § 25. The record as

printed contains a paper wherein the defendants Parad and Fishbon "object" to the filing and allowance of Polisner's intervening petition. No such method of bringing to this court for review action taken by a trial judge exists. Parad and Fishbon also attempted to appeal from the findings, rulings and orders of the court contained in a paper entitled "Statement of Findings and Order for Decree" filed by the judge after the first hearing. This paper contained no rulings other than such as are necessarily involved in ultimate findings of fact and in the order for decree itself. No appeal will lie from findings of fact where the evidence is not reported, *Sullivan* v. *Roche*, 257 Mass. 166, 169, and no appeal will now lie from a mere order for decree, *Graustein* v. *Dolan*, 282 Mass. 579, 583. None of these matters is before us, except in so far as the action taken may have erroneously affected the final decree. G. L. (Ter. Ed.) c. 214, § 27.

There is nothing to show that the denial of jury issues has erroneously affected the final decree. It cannot be assumed that a jury would have found facts different from those which have been found by the judge. This question is not now open. See *Canning's Case*, 283 Mass. 196, 199. If the order allowing Polisner to intervene affects the final decree to the extent that the decree gives relief to him, yet no error is shown in allowing him to intervene. Although commonly a statutory bill to reach and apply is pursued for the sole benefit of the creditor who brings it and not for the benefit of other creditors (*Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478; *McCarthy* v. *Rogers*, 295 Mass. 245, 246–247, and cases cited), there is no reason why, on general principles, a third person claiming a title or interest in the very fund or property sought to be reached may not be allowed to become a party for the purpose of asserting or defending his own property right. Such a person is in a position similar to that of an adverse claimant in trustee process. See G. L. (Ter. Ed.) c. 246, §§ 33, 34; *Check* v. *Kaplan*, 280 Mass. 170, 177. The judge who first heard the case on the merits did not prejudge or unduly limit the issue as to what was due to Polisner out of the proceeds of the note. In substance that whole matter was left

open and so far as appears Polisner's claim as an intervener was fully heard by the second judge and all defences considered. None of the other interlocutory rulings which have been argued could have erroneously affected the final decree.

On the appeals of Parad and Fishbon from the final decree, as the evidence is not reported, and the findings of fact are not inconsistent with each other, the only remaining questions open are whether the decree is consistent with the pleadings and the facts found. *Ledoux* v. *Lariviere*, 261 Mass. 242, 244. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215. *Carter* v. *Sullivan*, 281 Mass. 217, 220. The first hearing established, as between the plaintiff and the appellants, that Parad, the plaintiff's debtor, had acquired the note from Polisner subject to a trust for Polisner's benefit for whatever sum had been agreed upon between them. Am. Law Inst. Restatement: Contracts, § 156, Comment a (1), b; Trusts, § 16, Comment c. The nature and extent of the interest of Parad, and therefore of Parad's fraudulent grantee, Fishbon, in the property sought to be reached was a proper subject of inquiry at that hearing. *Delval* v. *Gagnon*, 213 Mass. 203, 206. The second hearing established as to all parties the amount of Polisner's interest in the proceeds of the note. In the absence of the evidence we cannot say either that the statute of frauds was a bar to Polisner's claim or that the effect of his indorsement of the note precluded him for recovery under the so called parol evidence rule. Polisner's intervening petition seems to us broad enough to support the decree in his favor. Requests for rulings as such have no standing in an equity appeal. *Estey* v. *Gardner*, 291 Mass. 303, 308. *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393.

That part of the final decree which places the note and its proceeds in the hands of the plaintiff in trust to pay the sums respectively due to the several parties interested is unusual and is not to be taken as a precedent. The court does not commonly hand over property which is the subject of a suit to one of the parties to collect and distribute. It ordinarily accomplishes its purpose through a sale by a com-

missioner or through a receiver. But in this case no objection seems to be made to this particular feature of the decree.

The final decree must be modified, however, by directing the plaintiff to pay over any balance left in its hands to Fishbon instead of to Parad. The transfer of the note from Parad to Fishbon, though fraudulent as to the plaintiff, was valid as between the immediate parties. *Harvey* v. *Varney*, 98 Mass. 118. *Service Mortgage Corp.* v. *Welson*, 293 Mass. 410, 413.

There was no error in refusing to allow any exhibits to be included in the record to be transmitted to this court unless the entire oral evidence should be included. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194.

We have considered all arguments addressed to us. As modified, the final decree is affirmed with costs of this appeal.

*Ordered accordingly.*