Rockingham,
No. 5208.

JUDGE OF PROBATE

*v.*

DOROTHY M. NUDD, *Adm'x & a.*

Argued February 5, 1964.
Decided March 31, 1964.

*Manning & Sullivan* (*Mr. James A. Manning* orally), for Christine G. Nudd, plaintiff-in-interest.

*George R. Scammon* and *Robert G. Whitman* (*Mr. Whitman* orally), for Donald F. Chase, defendant surety.

DUNCAN, J. This is a suit on a probate bond given by the defendant administratrix on October 2, 1945 upon her appointment as administratrix of her late husband's estate. The bond is in the penal sum of $750, and was executed by two personal sureties. One has since deceased, and the other is the defendant,

Chase. Following the presentation of claims against the estate, including one for $3,000 by the plaintiff-in-interest, Christine G. Nudd, a sister of the decedent, a commissioner in insolvency was appointed on October 1, 1946. On May 19, 1948, the administratrix petitioned for a license to sell real estate, which was granted upon the condition that a bond in the sum of $6,000 be filed. A surety company bond in the specified sum was filed on July 19, 1948, and under date of July 20, 1948 a decree was entered cancelling the prior bond in the sum of $750.

Upon her final accounting, the administratrix on January 17, 1958 was ordered to pay to Christine G. Nudd the sum of $4,235.69. After failure of the administratrix to comply, Christine Nudd was allowed to institute this suit. RSA 565:6. It appeared that a petition by Chase as surety to reopen the final account for the purpose of crediting the administratrix with the value of her dower and homestead interest in the real estate was denied by the probate court on February 6, 1961. The Superior Court (*Grant*, J.) ruled that any issue relating thereto was beyond its jurisdiction in this suit upon the bond.

In the suit upon the bond, the Court found the facts stated above and ruled that the bond upon which Chase is surety was breached by the failure of the administratrix to seasonably file an account, and by her advancement to an heir of $500 out of assets of the estate required to pay creditors. RSA 565:3, 4; *Century Indemnity Co.* v. *Casualty Co.*, 89 N. H. 121. The Court granted certain requests filed by the defendant Chase, and found and ruled as follows: "After further hearing and taking testimony of Donald F. Chase, the Court finds that the latter was deceived and purposely misled into affixing his signature to the bond of Dorothy M. Nudd. As a consequence, there is no liability on the bond. Verdict for Donald F. Chase."

The plaintiff-in-interest Christine G. Nudd excepted to the ruling of the Court admitting the testimony of the defendant Chase, and to a ruling made prior to receipt of the testimony, that "if in fact there was a misrepresentation, the obligation to pay which otherwise would exist is void." The questions raised by the exceptions of Christine G. Nudd were reserved and transferred by the Presiding Justice.

We are of the opinion that the exceptions must be sustained. The evidence upon which the Trial Court found and ruled that the obligation of the surety Chase was unenforceable warranted

the finding that the surety was misled, but the ruling that he was thereby relieved of liability was erroneous. The evidence tended to show that Chase signed the probate bond in blank, without reading it or knowing that it was a bond, at the request of a third person ostensibly acting for the administratrix. According to the offer of proof, which the evidence tended to substantiate, Chase was asked "if he thought that Dorothy M. Nudd would be a suitable person to administer the estate of her late husband," and after an affirmative answer was asked "to affix his signature . . . to this effect."

There was no evidence however, and no finding, that the creditor Christine G. Nudd was aware of, or in any way responsible for, any fraud practiced upon the surety Chase.

While so far as we are aware the question has not been determined in this jurisdiction, it has long been established law in other states that it is "not material what induced [a surety] to sign the bonds so long as the obligee was not responsible therefor." *Scholl* v. *Gilman*, 263 Mass. 295, 299. Thus where a probate bond appeared regular upon its face and had been approved in usual course by the probate court, the surety was held to be bound, either upon the ground of estoppel or of the apparent authority of the person who had obtained his signature to a blank instrument. *Fuller* v. *Dupont*, 183 Mass. 596. Other decided cases have expressed similar holdings in terms of the familiar principle that where one of two innocent parties must suffer, the loss should fall upon the one who by his misplaced confidence has made the fraud possible. *Sager* v. *Rawleigh Co.*, 153 Va. 514, 529; *Crumrine* v. *Dizdar*, 59 Cal. App. 2d 783, 790. See Annot. 71 A.L.R. 1278, and cases cited.

In accordance with these authorities, we hold that the ruling that the defendant Chase is under no liability on the bond was erroneous, and must be set aside. So far as appears, there should be judgment for the penal sum of the bond (RSA 565:9) and that execution issue under the controlling provisions of RSA 565:10 for the amount found due on the claim of the plaintiff-in-interest. *Judge of Probate* v. *Peerless Ins. Co.*, 103 N. H. 322.

The order is

*Verdict for defendant Chase set aside; exceptions of the plaintiff-in-interest sustained; remanded.*

WHEELER, J., did not sit; KENISON, C.J., dissented; the others concurred.

KENISON, C.J., *dissenting*: The surety on the probate bond "was deceived and purposely misled into affixing his signature to the bond" by an attorney. The surety was blameless and he did not learn of the deception until after the attorney's death. The surety should not be held liable on some floating theory of estoppel or apparent authority in the circumstances of this case. The deception and consequent loss was caused by the attorney and not the surety. I would affirm the Trial Court's decision.