Parker C. J.
afterward drew up the opinion of the Court. 1 A . It was properly left to the jury to consider, whether the promissory notes given by Randolph were intended by the parties to the lease as payment of the rent. It does not appear that they were negotiable ; so that they were not prima facie evidence of payment.[1] *And in the lease itself they are declared to have been received only as collateral security for the rent, leaving the remedy of Brownell and his assigns open upon the lease, so that he might have entered, or had his action on the covenant.
The verdict establishes the point, that the notes were nc* given or received in payment; so that the only doubt respecting the defendant’s liability rests on the plaintiffs’ right, under the circumstances, to maintain an action of debt for the rent due. In regard to this point the law seems to be well settled, that the assignee of the lessee is liable to the assignee of the lessor in an action of debt, for the time he holds ; for though there is no privity of contract, there is a privity of estate which creates a debt for the rent. The cases cited by the plaintiffs' counsel fully establish this point, and no case has been cited by the defendant to the contrary. 2 Wms’s Saund. 303, note 5, and 4 Dane’s Abr. r. 117, art. 4, are additional authorities.[2]

Judgment according to verdict.

 See Dutton v. Kendrick, 2 Fairfield, 381 ; Chitty on Contr. (4th Am. ed.) 694 b, note 1 ; Whitcomb v. Williams, 4 Pick. (2d ed.) 230, note 1.

 See Howland v. Coffin, 12 Pick. 125; Daniels v. Richardson, 22 Pick. 565; Dartmouth College v. Clough, 8 N. Hamp. R. 28.