## LORENZO PHELPS vs. JAMES SULLIVAN.

Middlesex.    Jan. 19. — June 29, 1885.    FIELD, DEVENS, & COLBURN, JJ.,
                                        absent.

A mortgagee of land executed and acknowledged an assignment in blank of the
    mortgage, and orally authorized his son to find a purchaser, write in the latter's
    name as grantee, and deliver the assignment.  The son did so, the assignee not
    knowing that the son was acting as agent in any respect except to deliver the
    assignment.  *Held,* that the assignment was valid.

MORTON, C. J.    This is a writ of entry to foreclose a mort-
gage.    The demandant claims under a mortgage from the ten-
ant to Nathan P. Pratt, and an assignment thereof by said
Pratt.    It appeared at the trial, that said Pratt executed and
acknowledged the assignment in blank, and orally authorized his
son, when he could find a person to purchase the mortgage, to
write in the name of such person as the grantee, and to deliver
the assignment.    The son negotiated the mortgage to one Si-
monds, filled in his name as grantee, and then delivered to him
the assignment.    He afterwards reported what he had done to
Nathan P. Pratt, who replied, " It is all right."    The only ques-
tion presented by the bill of exceptions is whether, upon these
facts, there was a valid assignment to Simonds.

The tenant contends that the assignment was invalid, relying
upon the rule of the common law that an authority to an agent
to execute a deed or other specialty must be under seal.    But we
do not think the case is governed by this rule.    Where a deed
purports to be executed by an agent, or where the person with
whom an agent is dealing knows that he is acting as agent, it
may be that such person must see to it at his own peril that the
agent has legal authority.    But in this case the assignment did
not disclose, and Simonds did not know, that the son was acting
as agent in any respect except to deliver the assignment.    It
is settled that an authority to deliver a deed or other specialty
may be by parol.    *Parker* v. *Hill,* 8 Met. 447.    A deed takes
effect from its delivery; and it may well be held that the
authority to deliver, which may be oral, is an authority to de-
liver the deed in the condition in which it is when delivered, if
there are no circumstances of suspicion to put the grantee upon

inquiry. When a grantor signs and seals a deed, leaving unfilled blanks, and gives it to an agent with authority to fill the blanks and deliver it, if the agent fills the blanks as authorized, and delivers it to an innocent grantee without knowledge, we think the grantor is estopped to deny that the deed as delivered was his deed. Otherwise, he may by his voluntary act enable his agent to commit a fraud upon an innocent party. Whether, if the agent violates the instructions in filling the blanks, the grantor would not in like manner be bound, we do not discuss, as it is not involved in this case. To hold that such deeds are invalid, because the authority to fill the blanks is not under seal, would tend to unsettle titles, and would be mischievous in its results. Few deeds are written by the grantors. Most are written by scriveners, and a grantee to whom a deed is delivered has no means of determining whether the body of the deed was written before or after the signature was affixed. It would be very dangerous to allow titles to be defeated by parol proof that a deed, without suspicion on its face, duly signed and sealed by the grantor, which he authorized to be delivered, was in fact written in some part after he executed it, by an agent having only oral authority. We think a person taking such a deed in good faith has the right to rely upon it; and that the grantor cannot be permitted to aver that it is not his deed. *White* v. *Duggan, ante,* 18.

The cases of *Burns* v. *Lynde,* 6 Allen, 305, and *Basford* v. *Pearson,* 9 Allen, 387, are distinguishable from this case. In *Burns* v. *Lynde,* the deed had been delivered to the grantee signed in blank, and he himself, after the delivery, filled the blanks. In *Basford* v. *Pearson,* a deed had been signed by the defendant in which the name of the grantee was left blank. The deed contained the covenant against the claims of "all persons claiming by, through, or under us, but against none others." The grantor gave it to her husband to be delivered. He, by parol authority from his wife, but in her absence, and with the knowledge of the grantee, inserted the name of the grantee, and erased the words which limited the covenant, so as to make it a general covenant of warranty against all persons. He then delivered the deed. If he had made these material alterations by parol authority from his wife, and without the knowledge of

the grantee, a different question would have been presented, more nearly resembling the question before us.

Upon the facts presented in the bill of exceptions, we are of opinion that the assignment to Simonds was valid; and therefore that the ruling ordering judgment for the tenant was erroneous.                                    *Exceptions sustained.*

*G. H. Stevens*, for the demandant.

*S. Bancroft*, for the tenant.