JOSEPH L. WHITON, JR., *vs.* BATCHELDER AND LINCOLN CORPORATION.

Suffolk.   January 11, 1901. — May 24, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Pleading*, Form of demurrer.   *Contract*, Construction.

Under Pub. Sts. c. 167, § 12, it is sufficient to allege as a cause of demurrer for a defect of substance, that the declaration does not state a legal cause of action. The words "substantially in accordance with the rules contained in this chapter" need not be added unless the defect relied on is one of form.

The following provision, omitting unessential words, was printed on the back of all the certificates of stock of a certain company: "Should the person to whom this certificate is issued desire to sell any of his shares of stock, he shall cause such shares to be appraised by the directors of this company, which it shall be their duty to do on request, and shall thereupon offer the same to them for the use of the company at such appraised value; and if said directors shall choose to take such shares for the use of the company, such person shall, upon the payment or tender to him of such appraised value thereof, and the dividends due thereon, transfer and assign such share or shares to said company; provided that the said directors shall not be obliged to take such shares at the appraised value aforesaid, unless they shall think it for the interests of the company; and if they shall not, within fifteen days after such shares are offered to them in writing, take the same and pay such person, therefor the price at which the same shall have been appraised, such person shall be at liberty to sell and dispose of the same shares to any person whomsoever." One of the original stockholders requested the directors of the company to appraise his shares under the foregoing provision. They refused to do so, whereupon the stockholder sold his shares at auction and sued the company on its alleged contract to have the shares appraised on such request, alleging that by reason of the refusal of the directors to appraise his shares they had sold for much less than their true value. *Held*, on demurrer, that the defendant had not made the agreement alleged, but that the plaintiff had agreed to cause his shares to be appraised by the directors, and, what the declaration alleged had not been done, was the thing that the plaintiff agreed to cause to be done. *Held, also*, that the purpose of the appraisal was to fix the price to be paid for the stock, if the company should elect to take it, and that the stockholder had no right to an appraisal unless the stock was to be taken for the company.

CONTRACT to recover damages arising from the refusal of the defendant to cause ten shares of the capital stock of the defendant belonging to the plaintiff to be appraised at the plaintiff's request by the defendant's directors in accordance with an agreement printed on the back of the certificates of stock issued by the defendant and expressly agreed to by each of the original stockholders, of whom the plaintiff was one, in signing receipts for their certificates of shares. Writ dated February 19, 1900.

The declaration alleged that upon the defendant's refusal to appraise the shares the plaintiff sold the ten shares at public auction in the stock exchange in Boston, notifying the defendant of the time and place of sale, and received from the sale the sum of $950, and that by reason of the defendant's breach of its agreement the plaintiff was damaged and lost the difference between the price received for the shares and the fair value thereof, namely, the sum of $650.

The agreement, printed on the back of the certificates held and sold by the plaintiff, was as follows:

" Should the person to whom this certificate is issued, his executor or administrator, or his assignee, or the grantee or assignee of any of said person's shares sold on execution, desire to sell any of his shares of stock, he shall cause such his shares respectively to be appraised by the directors of this Company, which it shall be their duty to do on request, and shall thereupon offer the same to them for the use of the Company at such appraised value ; and if said directors shall choose to take such shares for the use of the Company, such person, executor, administrator or assignee shall, upon the payment or tender to him of such appraised value thereof, and the dividends due thereon, transfer and assign such share or shares to said Company ; provided, however, that such appraised value shall be not less than the ' book value ' of the stock as shown by the books of the company immediately after the last preceding stock-taking of the business, at which stock-taking the good will of the business shall have been reckoned as an asset ; and provided, also, that the said directors shall not be obliged to take such shares at the' appraised value aforesaid, unless they shall think it for the interests of the Company; and if they shall not, within fifteen days after such shares are offered to them in writing, take the same and pay such person, executor, administrator or assignee therefor the price at which the same shall have been appraised, such person, executor, administrator or assignee shall be at liberty to sell and dispose of the same shares to any person whomsoever.

" It shall be the duty of such executor, administrator, grantee or assignee to offer said shares for appraisal and to be taken by this Company, if the Directors shall so elect, whenever requested by the Treasurer, and no dividends shall be paid or allowed after a failure to comply with such request; provided that such request shall not be made until after the payment of one dividend and the expiration of six months from the death of the owner, or sale as aforesaid ; but the offer may be made at any earlier period, if the party shall prefer.

" The Directors shall have power, and it shall be their duty, to sell and dispose of the shares which may be transferred as aforesaid to the Company, whenever, in their judgment, it can be done with safety and advantage to the Company ; and in

all sales made by the Directors, under any of the aforesaid provisions, it shall be their duty to sell the shares of [to?] such persons as shall appear to them most likely to insure the success of the business carried on by the Company and to promote confidence in the stability of the Company itself."

The defendant demurred to the declaration as follows:

"And now comes the defendant in the above-entitled cause and demurs to the plaintiff's declaration, and says that said declaration and the matters therein contained in manner and form as the same are set forth, are not sufficient in law for the plaintiff to have his action against the defendant. Wherefore, for want of a sufficient declaration, the defendant prays judgment."

In the Superior Court the demurrer was sustained and judgment ordered for the defendant; and the plaintiff appealed.

*J. C. Ivy,* for the plaintiff.

*W. D. Whitmore, Jr.,* for the defendant.

BARKER, J. The demurrer alleges that the "declaration and the matters therein contained in manner and form as the same are set forth, are not sufficient in law for the plaintiff to have his action against the defendant." The plaintiff contends that it brings nothing before the court. But it points out that the declaration does not state a legal cause of action, which, where the question is one of substance and not of the form of allegation, is one of the causes of demurrer mentioned in Pub. Sts. c. 167, § 12, cl. 2. It brings that question before the court. The words of the clause cited, "substantially in accordance with the rules contained in this chapter," need not be used if the party demurring relies upon no question of form. *Proctor* v. *Stone,* 1 Allen, 193, 196. *Chenery* v. *Holden,* 16 Gray, 125.

The substance of the declaration is that the plaintiff was a stockholder, and that the defendant was bound to him in the terms of the agreement, by which, as the declaration puts it, the corporation promised him that upon request it would cause his shares to be appraised by its board of directors in accordance with the agreement; that being desirous of selling his shares he applied to the defendant to cause the same to be appraised in accordance with the agreement, and that the defendant, disregarding its promise, refused to appraise the shares or to cause

them to be appraised in accordance with the agreement, by reason of which refusal he has lost the difference between the real value of the shares and a lower price at which, for lack of the appraisal, the shares were sold at public auction at the Stock Exchange.

Omitting the words relating to executors, etc., the agreement, so far as is now material, is that, should the person to whom the certificate of stock is issued desire to sell any of his shares he shall cause them to be appraised by the directors, "which it shall be their duty to do on request," and shall thereupon offer the same to the directors for the use of the company at such appraised value, and that upon payment or tender to him thereof and of the dividends due, if the directors choose to take the shares for the use of the company, if the appraised value is not less than the book value as defined, he shall transfer the shares to the company; with a further proviso that the directors shall not be obliged to take the shares at the appraisal unless they shall think it for the interests of the company; and if they shall not within fifteen days after the shares are offered to them in writing take and pay for the same, the shareholder shall be at liberty to sell them to any person.

While the declaration alleges that the corporation promised the plaintiff that upon request it would cause his shares to be appraised by its board of directors, such is not the language of the agreement. It provides, on the contrary, that the plaintiff "shall cause such his shares respectively to be appraised by the directors." Assuming that the words "which it shall be their duty to do on request" make it the duty of the directors to make the appraisal, the agreement does not say that the company shall cause them to perform that duty, and does say that the plaintiff shall cause them so to do; nor does the agreement say that the company shall be responsible for the breach of this duty by the directors, in the performance of which, if they act, they are not mere agents of the company, but referees or arbitrators standing between it and the stockholder and acting for one party as much as the other. Reading the agreement as a part of the declaration there is no allegation of a failure by the corporation to perform what the agreement says the corporation shall do. The substance of the allegation is that what the plaintiff agreed to cause to be done has not been done.

Aside from this, it is plain that the object of the agreement taken as a whole, in view of the circumstances and relations of the parties to it when it was entered into, was to enable the company to keep its stock in the ownership of stockholders of its own choosing, and that the office of the appraisal was simply to fix the price at which the stock should be paid for, if the company should elect to take it. It would serve no useful purpose to have an appraisal if the directors should not choose to take the stock for the company, while their refusal to appraise upon request of the stockholder would give him the right to sell to any purchaser.

The fair construction of the whole agreement is that the stockholder had no right to an appraisal unless the stock was to be taken for the company.

*Order sustaining demurrer affirmed ; judgment for defendant affirmed.*