WILLIAM E. MACURDA & others *vs.* SAMUEL A. FULLER & others.

Middlesex.    October 16, 1916. — December 7, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal, Costs. *Deed,* Completion of incomplete deed. *Agency,* Existence of relation. *Frauds, Statute of. Clerks of Courts.*

A plaintiff in a suit in equity appealed from an informal interlocutory order sustaining a demurrer to the bill but did not appeal from a final decree dismissing the bill. This court assumed for the purposes of this case, without deciding, that the appeal from the order was an appeal from the final decree when entered and that the suit properly was before them, and, after consideration of the merits of the appeal, affirmed the decree.

The owner of certain real estate, contemplating that an action for personal injuries was to be brought against him, conveyed his real estate to one who forthwith executed and acknowledged a deed of the same premises with the name of the grantee in blank and handed it to one who was the attorney for both parties with an oral instruction to write in the name of the original owner of the property as grantee when the action at law was determined and to record the deed. The original owner died after a verdict for the defendant in the action at law but before final judgment. His grantee conveyed the property to a stranger to the title and died. In a suit in equity to compel the attorney to write into the in-

complete deed the name of the original owner of the property and to record the deed, it was *held* that the instrument was without validity in the hands of the attorney and that the parol direction to him as to filling in the name of the plaintiff was not sufficient to give him authority to do so.

In the above suit it also was *held* that the conveyance by the grantee of the original owner was a distinct and unqualified repudiation of the oral trust agreement under which he received the deed of the land and of necessity made it impossible thereafter to confer upon the attorney power to fill the blank in the incomplete deed.

*It seems* that by reason of the statute of frauds the grantee of the original owner could not have been compelled to reconvey the property or to confer upon the attorney a power under seal to execute the deed, but that the remedy for his refusal was by an action at law to recover the value of the property.

The plaintiff in a suit in equity appealed from an order sustaining a demurrer but not from a final decree dismissing the bill. The defendant moved that the appeal be dismissed and that the clerk be ordered to issue forthwith an execution for the defendant's costs. The defendant's motion was denied and he appealed from an order to that effect and his appeal was in the same record with the plaintiff's appeal from the decree sustaining the demurrer. This court, assuming without deciding that the appeal properly was before them, *held* that the proper procedure to be resorted to upon wrongful refusal of a clerk to issue an execution for costs was not that here followed.

BILL IN EQUITY, filed in the Superior Court on April 18, 1910, and afterwards amended, seeking to compel the defendant Fuller to fill in the name of George A. Tower in a deed of Mary H. Smith left by her in his possession under the conditions described in the opinion, and to place the deed on record.

The defendants Ellen L. Woodward and Pauline B. Woodward, widow and heir at law respectively of James B. Woodward, to whom Mary H. Smith conveyed the land after the date of the deed above described, demurred to the bill as amended. The demurrer was heard and sustained by *Wait,* J. The judge's decision was stated in a memorandum. No formal interlocutory decree was entered. The plaintiffs appealed "from the decree . . . sustaining the demurrer." A final decree subsequently was entered dismissing the bill of the defendants Woodward. No appeal was taken from the final decree.

Upon a motion by the defendants Woodward that the plaintiffs' appeal from the interlocutory order be dismissed and that the clerk be ordered to issue forthwith an execution for such defendants' costs, or, in the alternative, that the appeal be dismissed for want of prosecution, *Wait,* J., ordered that the appeal be dismissed unless before a certain date the papers were printed

and entered in this court, that, if ordered by the plaintiffs, the clerk should print and prepare the papers for the appeal, and that the motion for an execution be denied. From this order the defendants Woodward appealed.

*F. E. Crawford,* for the plaintiffs.

*G. R. Blinn & A. L. Taylor,* for the defendants Woodward, submitted a brief.

PIERCE, J. The amended bill alleges that one Tower on January 29, 1902, conveyed the real estate therein described to one Mary H. Smith, to prevent its attachment in an anticipated action of tort for damages resulting from an accident whereby a child was run over by a carriage occupied by Tower and driven by his wife.

The bill alleges that Tower "had sufficient other money to meet any reasonable judgment which might be obtained against him," but does not state that he had sufficient other money or property that could be come at to be attached or taken on execution. The grantee had a mortgage on the premises conveyed to her to secure the payment of $5,000, which so far as appears, remains unpaid. With the delivery of the deed the grantee Smith signed, sealed and acknowledged an instrument with the name of the grantee in blank, describing the same premises simultaneously conveyed to her, and placed this deed, in pursuance of an oral agreement with Tower, in the custody of their common attorney, Samuel A. Fuller, with an oral direction to Fuller "to insert the name of said George A. Tower into said deed as grantee on the termination of said suit and to record the same."

The action was tried and a verdict for the defendant was rendered on January 25, 1903. For reasons that do not appear, final judgment for the defendant was not entered until February 1, 1907. Tower died on or before February 3, 1906, and Smith died on or about March 3, 1907. On October 18, 1906, under a license of the Probate Court, the nature of which nowhere appears, the administratrix of the Tower estate sold to the plaintiffs the second parcel of the lots conveyed to Smith. On February 19, 1907, the grantee Mary H. Smith conveyed to James B. Woodward, who died intestate January 8, 1912, leaving a widow and one heir at law, the appellees, a portion of the parcel described in the deed of the administratrix. The bill charges Woodward, his

widow and heir at law "with full notice and knowledge of all the facts set out in this [their] petition."

Fuller "did not at the termination of said action and has not yet written the name of said George A. Tower as grantee in said deed of reconveyance, and has not recorded the same, as directed by said Mary H. Smith."

The prayers are, first: "That the respondent [Fuller] be directed to write in the name of said George A. Tower as grantee in said deed and to place the same on record" and second: "And for such further relief as shall to the court seem proper." The defendants Woodward demurred.

On November 2, 1914, an order was entered sustaining the demurrer.

December 17, 1914, a final decree was entered dismissing the bill. An appeal was taken to the order of November 2, 1914, but no appeal was ever taken to the final decree of December 17, 1914. The failure to take an appeal from the final decree was not the result of an accident or mistake of fact, but was due to the belief that the appeal from the order for an interlocutory decree sustaining the demurrer was in itself sufficient without appeal from the final decree. We assume without deciding that the appeal from the order was an appeal from the final decree when entered and that the suit is properly before this court.

The order sustaining the demurrer was right. The instrument delivered to Fuller was without validity and the direction to him to fill the blank space with the name of George A. Tower conferred on him no legal right because the filling in of such a blank created a substantial part of the deed itself, "stood on the same footing as signing and sealing, and could be authorized only by a power under seal." *White* v. *Duggan,* 140 Mass. 18, 19. *Burns* v. *Lynde,* 6 Allen, 305. *Basford* v. *Pearson,* 9 Allen, 387. *Phelps* v. *Sullivan,* 140 Mass. 36, 37.

No question arises, indeed there can be none, as to the right of Fuller to make delivery of the deed, under parol authority, whenever it should become a completed instrument by the filling in of the blank in the presence of the grantor. *White* v. *Duggan, supra. Phelps* v. *Sullivan, supra.* In such case the delivery cannot relate to the time of the deposit of the incomplete instrument,

but is referable either to the actual delivery or to the time when the instrument became a deed and capable of delivery.

The conveyance of a portion of the land by Smith in 1907 was a distinct and unqualified repudiation of the trust agreement and of necessity made it impossible thereafter to confer upon Fuller power to make the instrument a deed by filling the blank with the name of a grantee. By reason of R. L. c. 74, § 1, cl. 4, the grantee from Smith could not have been compelled to reconvey the property herself or to confer upon Fuller a power under seal to execute a deed. The remedy on her refusal would be an action at law to recover the value of the property. *Cromwell* v. *Norton,* 193 Mass. 291. *Hill* v. *Hill,* 196 Mass. 509.

The defendants Woodward, as to whom the bill was dismissed with costs, seek to appeal from an order denying their motion that the clerk be ordered to issue an execution forthwith against the plaintiff. Assuming without deciding that the appeal is rightly before us, we are of opinion that the procedure and the remedy to obtain redress upon the improper refusal of the clerk to issue an execution for costs, is not that sought and followed in the case at bar.

<em>Decree affirmed.</em><br><em>Appeal dismissed.</em>