## HARNED v. WARNER.

Circuit Court of Appeals, Eighth Circuit.
November 17, 1928.

No. 8103.

William C. Dorsey, of Omaha, Neb. (H. Malcolm Baldrige, of Omaha, Neb., on the brief), for plaintiff in error.

Harry R. Ankeny, of Lincoln, Neb. (C. J. Campbell, of Lincoln, Neb., on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

POLLOCK, District Judge. This action at law was instituted by plaintiff in error as plaintiff below, against defendant in error and his wife, Helen F. Warner, defendants below, to recover the purchase price of 200 acres of land situate in Jefferson county, Okl., and for improvements placed upon the land by plaintiff, by reason of breach of covenants of warranty and seizin contained in a deed of general warranty purporting to have been made to the land on October 17, 1917. The parties will be referred to as they stood on the record below.

On a trial before the court and a jury, at the conclusion of all the evidence, and on motion of defendants, the court instructed the jury to return a verdict in favor of defendants and against plaintiff, which was done. And on this verdict judgment was entered for defendants and against plaintiff, who brings error.

The sole question in the case is this: The trial court held the purported conveyance by deed of general warranty to be, under the circumstances of the case, absolutely void, and this notwithstanding the fact under it the defendants received, kept, and now hold the agreed purchase price of the land, $5,000; and, further, notwithstanding the title purporting to have passed under this conveyance to plaintiff wholly failed; and although defendants, the purported makers of said conveyance, were duly and timely notified to come in and defend the deed purporting to convey the land and wholly failed and refused to so do on the ground the conveyance as held by the trial court was absolutely null and void for want of a legal grantee.

The facts on which this finding was made and the case was determined are these: Defendants Warner claimed to own this land and wished to sell it. In order to accomplish this purpose, they signed the purported conveyance by deed of general warranty, acknowledged its execution in Nebraska, and delivered it into the hands of one Dimery to carry to Addington, Okl., with instructions to sell the land for a price not less than $5,000, and when and if a purchaser at that price could be found to fill in the name of the purchaser as grantee. In other words, as to who should become purchaser was to the makers of the deed wholly immaterial. The only condition attached to the making of the deed effective was that the grantors should receive the sum of $5,000 as purchase money for the land. As to who should pay it or who should furnish this sum, or in whose name the deed should be written as purchaser, was of no concern to the sellers of the property whatever. It is quite true the directions concerning the selling of the property were given to only one person, Dimery, who was then present in Nebraska and who was to carry the deed in blank to Oklahoma. It is further true Dimery turned this deed over to his partner in the bank, Evans, to sell the property for not less than $5,000 and he to keep all the purchase money over and above that amount as his commission or compensation. It is further true that Evans found the plaintiff as purchaser of the land, and as the purchaser did not have the ready money to make payment of the $5,500 he applied to Finerty Investment Company for a loan of $3,500 to complete the payment of the purchase price, and in making the chain of title complete in showing the title to rest in the purchaser, the plaintiff, one of the members of the investment company making the loan to plaintiff, filled in his name as purchaser. Thereupon the loan was made, purchase money paid, less $90 deducted for expenses incurred, to which the defendants Warner consented, and the completed deed was turned over to plaintiff. Now after the title to the land has entirely failed, defendants with plaintiff's $5,000 in

their pockets as a result of the making of the conveyance to the land, and after the grantee had expended a large sum of money in the making of lasting and valuable improvements on the land in reliance on the strength of the title conveyed by the deed, and after his title has completely failed, he is informed by way of defense he cannot have his money back because his name was without his knowledge written in the deed by a hand other than that of Dimery, to whom the defendants had turned over the deed in blank to make the sale which was made. Surely the authorities do not so hold. The case cited and principally relied upon to sustain the decision of the trial court in this case is Allen v. Withrow, 110 U. S. 121, 3 S. Ct. 517, 28 L. Ed. 90. We are of the opinion the facts in that case are so entirely different as to readily distinguish it from the instant case. In that case the heirs at law of Thusie Allen brought suit to impress upon certain property in the hands of the defendant a trust. This trust they sought to establish at least in part by virtue of an alleged conveyance of the property to their ancestor, Thusie Allen, made by one Tracey through a conveyance of the property in blank, and this conveyance was handed to Mrs. Allen, in whose hands it remained until her death. Her name was never inserted in the conveyance, and there was no consideration of either blood or money moving to the maker of the blank conveyance. In such case it was held the same never operated to convey any interest in the property.

The first headnote of that case very clearly states what it holds, as follows: "The facts in this case disclose no trust attached to the estate and property in the defendants' hands which a court of equity should enforce; at the best they show a promise—without consideration good or valuable—of a simple donation, to be subsequently made, with no relationship of blood or marriage between the parties, and therefore until executed, valueless."

In the instant case there is no question whatever of want of consideration. In fact, this action is brought to recover the very consideration paid for the making of the conveyance in question. There is no question but that the plaintiff Harned was the purchaser of the land in good faith for full value and on payment of this purchase price he was handed a completed conveyance. Under the circumstances of this case, it did not matter whose hand completed the deed by the insertion of the name of the true grantee. Had the purchaser himself inserted his name, all the authorities go to uphold the conveyance

as valid. Burk v. Johnson (C. C. A.) 146 F. 209; U. S. v. Payette Lumber & Mfg. Co. (D. C.) 198 F. 881; Harth v. Pollock, 97 Or. 663, 193 P. 202; Farmers' Bank v. Worthington, 145 Mo. 91, 46 S. W. 745; Guthrie v. Field, 85 Kan. 58, 116 P. 217, 37 L. R. A. (N. S.) 326; Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L. R. A. (N. S.) 637; Phelps v. Sullivan, 140 Mass. 36, 2 N. E. 121, 54 Am. Rep. 442; Lafferty v. Lafferty, 42 W. Va. 783, 26 S. E. 262; 2409 Broadway Corp. v. Lange, 128 Misc. Rep. 118, 217 N. Y. S. 666.

It follows, the action of the trial court in sustaining the motion of the defendants for an instructed verdict was erroneous, and that judgment based thereon must be reversed and the case remanded, with directions to proceed with further hearing of the case in accordance with this opinion.

BOOTH, Circuit Judge, concurs in the result.