ALICE BRETTA *vs.* JULIUS MELTZER.

Hampden.   September 22, 1932. — October 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Pleading, Civil,* Demurrer.  *Waiver.  Deed,* Validity.  *Actionable Tort. Agency,* Scope of authority, Agent's liability to principal.

A demurrer to the declaration in an action at law, assigning as the ground therefor that "the plaintiff has not in and by . . . [his] declaration made or stated such a case as entitles . . . [him] to recover in this action," was substantially in the form required by G. L. (Ter. Ed.) c. 231, § 18, Second.

Where, for aught that appeared, a demurrer and an answer were filed at the same time by the defendant in an action at law, and it appeared that the demurrer was heard and sustained before any trial on the merits, there was no merit in a contention, made by the plaintiff upon an appeal from the order sustaining the demurrer, that the defendant had waived the demurrer.

Allegations in the declaration in an action of contract or tort, that the plaintiff, an owner of land, executed a deed thereof and authorized the defendant to fill in the name of a certain person as grantee in the plaintiff's presence and to deliver the deed to that person; and that the defendant wrongfully filled in the name of another person as grantee and delivered the deed to such other person, there being no allegation that the grantee named had no knowledge of the facts or was innocent, did not support the conclusion stated in the declaration that the wrongful acts of the defendant resulted in "depriving the plaintiff of . . . [his] property"; and did not state a cause of action.

TORT.   Writ dated April 6, 1932.

The action subsequently was amended into an action of tort or contract.  The declaration is described in the opinion. The defendant demurred.  The demurrer was heard in the Superior Court by *Lummus,* J., and was ordered sustained. The plaintiff appealed.

*T. P. Shea, A. T. Garvey, & D. V. Constantine,* for the plaintiff submitted a brief.

No argument nor brief for the defendant.

CROSBY, J. This is an appeal from an order entered in the Superior Court sustaining a demurrer to the plaintiff's declaration. The action originally was brought by Lorenzo Bretta and Alice Bretta, but by motion subsequently filed the plaintiffs were allowed to amend their writ and declaration by striking out the name of Lorenzo Bretta and by adding after the words "action of tort" the words "or contract." The first count of the declaration in substance alleges that the defendant induced the plaintiff to execute a deed of a certain parcel of land owned by the plaintiff; that the name of the grantee was to be filled in the deed by the defendant in the presence of the plaintiff; that after filling in the name of the grantee the defendant was to deliver the deed to the grantee; that the name of the grantee to be inserted in the deed was Charlotte Combs; that the defendant in the presence of the plaintiff said that he then and there had filled in the name of Charlotte Combs as grantee and would deliver the deed to her; that relying on said representations the plaintiff told the defendant to deliver the deed to said Charlotte Combs, but the defendant wrongfully and without right filled in the name of a person other than Charlotte Combs as grantee and delivered the deed to that person "depriving the plaintiff of her property, all to her great damage." The second count in substance alleges that the defendant was the authorized agent of Charlotte Combs, and that as such agent he sold to the plaintiff some real estate; that in payment therefor the plaintiff gave among other things a deed of certain real estate; that the deed was signed by the plaintiff and the defendant was to fill in the name of Charlotte Combs as grantee and deliver the deed to her; that the defendant wrongfully and without right filled in the name of another than Charlotte Combs as grantee and delivered the deed to that person, "depriving the plaintiff of her property, all to her great damage." Both counts are alleged to be for the same cause of action. To this declaration the defendant

filed an answer and a demurrer. The answer was a general denial. The demurrer reads as follows: "Now comes the defendant, in the above entitled action, and not waiving his answer filed in this case demurs to the plaintiff's amended declaration and assigns as his reason therefor; 1. That the plaintiff has not in and by her declaration made or stated such a case as entitles her to recover in this action." The demurrer was sustained and the plaintiff appealed.

(a) The first ground of error alleged by the plaintiff is that the demurrer is not in the form required by the statute. It is provided by G. L. (Ter. Ed.) c. 231, § 18, Second, that a demurrer may be for the cause "That the matters contained in the declaration or in some count thereof are insufficient in law to enable the plaintiff to maintain his action." The demurrer is in substantial conformity to the language of the statute and is therefore correct in form. See *Chenery* v. *Holden,* 16 Gray, 125; *Proctor* v. *Stone,* 1 Allen, 193, 196; *Whiton* v. *Batchelder & Lincoln Corp.* 179 Mass. 169, 172.

(b) The second ground of error argued by the plaintiff is that, since the answer preceded the demurrer, the demurrer was waived. This contention cannot be sustained. It is common practice for a demurrer and an answer to be filed to a declaration. For aught that appears, the answer and demurrer in the present case were filed at the same time, and, as the demurrer was heard and determined before any trial on the merits, no sound reason appears why the demurrer should be held to have been waived. The decision in *Simonds* v. *Parker,* 1 Met. 508, 512, cited by the plaintiff, does not sustain the plaintiff's contention.

(c) The only allegation of injury or damage in the declaration appears at the end of each count, wherein it is set forth that the alleged wrongful acts of the defendant resulted in "depriving the plaintiff of her property, all to her great damage." This conclusion is not supported by the facts alleged. The case of *Phelps* v. *Sullivan,* 140 Mass. 36, is cited by the plaintiff. In that case it was said at page 37: "When a grantor signs and seals a deed, leaving unfilled blanks, and gives it to an agent with authority to fill the blanks and deliver it, if the agent fills the blanks as

authorized, and delivers it to an innocent grantee without knowledge, we think the grantor is estopped to deny that the deed as delivered was his deed. Otherwise, he may by his voluntary act enable his agent to commit a fraud upon an innocent party." The present case differs from *Phelps* v. *Sullivan* in two important particulars: here it is alleged that the agent violated his instructions, and there is no allegation that the grantee was innocent. It may be that a grantee with knowledge of the facts cannot prevail over the grantor even if the agent who fills the blanks acts in strict compliance with parol instructions, because of the rule in this Commonwealth that the authority of an agent to complete a deed by filling in the name of the grantee must be conferred by an instrument under seal, unless done in the presence of the grantor. See *Burns* v. *Lynde*, 6 Allen, 305; *Basford* v. *Pearson*, 9 Allen, 387; *White* v. *Duggan*, 140 Mass. 18, 19; *Phelps* v. *Sullivan*, 140 Mass. 36, 37; *Macurda* v. *Fuller*, 225 Mass. 341, 344. However this may be, there can be no doubt that a grantee with knowledge cannot prevail when the agent has violated his instructions and filled in the name of a person other than the one designated by the grantor. It is so held in several jurisdictions which do not subscribe to the rule in this Commonwealth that an agent's authority to complete a deed in the absence of the grantor must be under seal. *Cooper* v. *Page*, 62 Maine, 192. *Garland* v. *Wells*, 15 Neb. 298. *Lund* v. *Thackery*, 18 S. Dak. 113. *Schintz* v. *McManamy*, 33 Wis. 299. *Robinson* v. *Yetter*, 238 Ill. 320. As there can be no estoppel in the case at bar the rule stated in *Phelps* v. *Sullivan*, 140 Mass. 36, is not applicable. Since on the facts alleged in the declaration the instrument executed by the plaintiff was invalid, and the insertion of the name of a person other than Charlotte Combs was without legal right and could be authorized only by a power under seal, the plaintiff has not been deprived of her property, and the entry must be

*Order sustaining demurrer affirmed.*