Pettingell, P. J.
Action of contract in which the holder of a conditional sales contract sues the maker. The defendant, in good faith, signed the instrument in blank, intending to purchase the automobile described therein. Before any automobile was delivered to the defendant, the dealer fraud *241 nlently filled in the contract and sold it to the plaintiff, a purchaser for value without notice of the facts of the case, who now attempts to recover from the maker.
The defendant admits his signature but contends that there was a failure of consideration as he never received the automobile purported to be conveyed to him.
The plaintiff filed six requests for rulings all of which were denied. They are as follows:
1. That upon all the evidence, the defendant having acknowledged that he signed the conditional sale contract in blank and left it in the hands of Leonard’s Motor Sales, he is charged with notice of the power to deceive which he put into the hands of Leonard’s Motor Sales and is, therefor, estopped to deny the genuineness of the contract and must bear the burden of complying with it.
2. That the defendant, having signed the instrument in question in blank, and having entrusted it into the hands of another, he is estopped as against the plaintiff to plead failure of consideration.
3. That upon all the evidence, the plaintiff having purchased the conditional sale contract in good faith, it is entitled to recover the balances due thereunder or any and all of the matured installments.
4. That the defendant, having by the very terms of the' contract in question, agreed to settle all claims against Leonard’s Motor Sales and not to set up any claim which he may have against the seller as a defense, counter-claim, set-off or otherwise as against this plaintiff, he is estopped and precluded from pleading failure of consideration or fraud as against this plaintiff.
5. That the defendant having notice that the conditional sale contract in question would be assigned to the Associates Discount Corporation and having signed the same in blank, he is estopped from setting up the defenses of failure of consideration or such other defenses as might be a bar to any claim made by the original seller.
*242 6. That the defendant is bound by the terms of the contract signed by him and held by the plaintiff.
The trial judge found as fact that the defendant was fraudulently induced to sign the instrument in blank; that the dealer then filled in the blanks and assigned the conditional sale of contract to the plaintiff who acquired it for a good consideration without notice of the fraud on the defendant and prior to any default.
He found, also, that no down payment was ever made by the defendant and that no automobile was ever delivered to the defendant by the dealer. With regard to the requests for rulings, he disposed of them by ruling “that the defendant is entitled to rely on the provisions of Section 5 of Chaper 231 of the General Laws and I find for the defendant”.
General Laws (Ter. Ed.) Chap-. 231, Section 5, provides that the “assignee of a non-negotiable legal chose in action which has been assigned in writing may maintain an action thereon in his own name but subject to all defences and rights of counter claim, recoupment or set-off to which the defendant would be entitled had the action been brought in the name of the assignor”. That section “gives a new remedy but does not alter or affect the substantive rights as they existed at common law.” Levenbaum v. Hanover Trust Co., 253 Mass. 19, at 24. Lewis v. Club Realty Co., 264 Mass. 588, at 591.
In the latter case the Supreme Court says, ‘ ‘ The fair construction of this statute, in our opinion, is that the defendant may plead any defence available in abatement, as well as in defence existing as to the merits. The manifest design of this statute in general is that the assignee must stand in the shoes of the assignor as to proceedings in court. He *243 cannot be in any better position than the assignor. The alleged debtor cannot be put in any worse condition than if the original contractor was suing in his own name and right.”
The issue in this case, presented by the denial of the defendant’s first, second, third and sixth requests and the trial judge’s ruling that the statute in question is determinative of the case, is whether or not the defendant is estopped to set up the defence of no consideration which the trial judge expressly found to exist as a fact.
The vital question is whether the conduct of the defendant in leaving the agreement signed in blank with the dealer, thus making it possible for the latter to use it fraudulently for the purpose of getting money from the plaintiff improperly, is sufficient to estop* the defendant from setting up the defence of no consideration which would exist in an action against the defendant by the dealer.
Estoppel is an ancient principle in the law which has a well recognized status. A typical case of this kind of estoppel is Scollans v. Rollins, 179 Mass. 346, at page 353, where it is stated “But if the owner of the instrument intrusts it to another, he does so charged with notice of the power to deceive which he is putting into that other’s hands, and if deception follows he must bear the burden”. In that case the owner of a non-negotiable security was not allowed to recover it from the holder who was a bona fide purchaser and had taken it without notice of fraud.
That case illustrates the theory of a particular kind of estoppel found in many cases. In Russell v. American Bell Telephone Co., 180 Mass. 467, at 469, 470, the court said, “the estoppel is based upon the principle that when one of two innocent persons is to suffer, the sufferer should be the *244 one whose confidence put into the hands of the wrongdoer the means of doing the wrong.” In that case, also, the owner of the property was not allowed to prevail against a bona fide purchaser without notice. Many other cases have been decided upon this principle. Baker v. Davie, 211 Mass. 429, at 436-440. Tower v. Stanley, 220 Mass. 429, at 437. Munroe v. Stanley, 220 Mass. 438, at 445. Loring v. Goodhue, 259 Mass. 495, at 498. Ironside v. Levi, 278 Mass. 18, at 22. Edgerly v. First National Bank of Boston, 292 Mass. 181, at 184.
The cases above cited all deal with the rights of an owner of securities to recover his property when his conduct in placing it in the hands of another has made it possible for that other to deceive an innocent purchaser. More applicable to the facts in this case, but based on the principle underlying the cases cited, are other cases in which the conduct of one party, in dealing without proper care with a conveyance or a written instrument, has made it possible for the person receiving the conveyance or instrument to use it in a manner so involving the rights of others that injury to an innocent person was caused, in which case the grantor or maker has been estopped, because of his conduct, to assert a defence. In King v. Fowler, 16 Mass. 397, a promisor having notice that an assignment was to be made of the promise which he had entered into, failed to give notice of a counter demand which he then had and was held to be es-topped to set it up later. In White v. Duggan, 140 Mass. 18, the defendant as surety executed a probate bond in blank and delivered it to the principal; it was held, at page 21, “that the surety must take the risk of his principal’s conduct, and is bound by the instrument as delivered. See Fuller v. DuPont, 183 Mass. 596, at 598. In Phelps v. Sulli *245 van, 140 Mass. 36, a mortgagee, who executed an assignment of the mortgage in blank and delivered it to another, was bound by the instrument as filled in by that other. At page 37, the court said, “We think that the grantor is estopped to deny that the deed as delivered was his deed”. See Bretta v. Meltzer, 280 Mass. 573, at 575, 576.
Estoppel has been a factor in determining the title to an automobile in cases in which conditional sales agreements are involved. Essex County Acceptance Corporation v. Pierce-Arrow &c. Co., 288 Mass. 270, at 277. Marsh v. S. M. S. Co., 289 Mass 302, at 307. Handy v. C. I. T. Corporation, 291 Mass. 157, at 162. Two cases have been decided on that issue, it having been held that the defendant in each case had estopped itself by its conduct to assert its title. Simons v. Northeastern Finance Corporation, 271 Mass. 285, at 291. Denno v. Standard Acceptance Corporation, 277 Mass. 251, at 256.
There remains in this aspect of the ease the query whether such an estoppel can so operate as to prevent the defendant from using a defence which the statute allows him. Estoppel, however, has always existed to prevent the setting up of any defence, the use of which under the circumstances is inequitable. In McLearn v. Hill, 276 Mass. 519, at 524-526, it was held that the defendant was estopped to set up the statute of limitations as a defence. That case also decided that the principle involved applies not only to cases of contract but to cases of tort, and that an estoppel may rest upon the necessary implications as well as upon an express stipulation. We see no reason why the doctrine of estoppel does not apply to any defence which may be raised regardless of its origin, whether a matter of common law or of statute. The main test is whether the defendant “is *246 responsible for the word or act which he knows or ought to know will be acted upon by another. Stiff v. Ashton, 155 Mass. 130, at 133. McLearn v. Hill, 276 Mass. 519, at 527.
General Laws (Ter. Ed.) Chap. 231, Section 5, which creates the right of the assignee of a non-negotiable instrument to sue in his own name does not affect the substantive law. It leaves open the common law question whether or not the act of the defendant has estopped him to set up a defence which otherwise might be good. In our opinion there is nothing in the statute which prevents the application of the doctrine of Scollans v. Rollins, 179 Mass. 346, or makes it impossible for a plaintiff to contend that the defendant is estopped by his conduct to set up a defense which would have been proper but for the negligent character of the latter’s conduct.
It was prejudicial error in our opinion to rule under the circumstances that the case was determined by the provisions of General Laws (Ter. Ed.) Chap. 231, Section 5, and to decide it on that ground. The trial judge should have passed upon the issues raised by the first, second, third and sixth requests. They definitely called his attention to the issue of estoppel and required him to pass upon it.
Estoppel is a question of fact. Munroe v. Stanley, 220 Mass. 438, at 444. Boston & Albany Railroad v. Reardon, 226 Mass. 286, at 291. Taylor v. Jones, 242 Mass. 210, at 216. Nelson v. Wentworth, 243 Mass. 377, at 379. Augello v. Hanover Trust Co., 253 Mass. 160, at 167. Calkins v. Wire Hardware Co., 26 Mass. 52, at 69.
A decision on the issue of estoppel is important in dealing with the fourth and fifth requested rulings, also, which have to do with the interpretation of certain language in the agreement. If the defendant is not estopped to raise *247 the defence of no consideration, and does raise it, then that defence, found by the trial judge to exist on the facts, not only is a defence to the plaintiff’s claim based on the whole agreement, but to his claims arising from parts of it. If he is estopped to plead that defence, and the agreements stand as valid, there is the further question, raised by the fourth and fifth requested rulings, as to the liability of the defendant under the specified clauses of it.
If, as we are of opinion, the trial judge should have passed upon the issue of estoppel, the decision of the issues raised by the fourth and fifth requests, depends upon first, a question of fact whether or not the defendant is estopped to raise the defence of no consideration. If he is not so es-topped, that defence disposes of requests four and five, as well as requests one, two, three and six. If he is so estopped, there remains the determination of the issues raised by requests four and five, which involve the interpretation of the language of parts of the agreement. If the trial judge finds that there is such an estoppel, he must then deal with the issues raised by the fourth and fifth requested rulings, the legal effect of the clauses referred to.
We are of the opinion that it was prejudicial error as to these requests to dispose of them on the authority of General Laws (Ter. Ed.) Chap. 231, Section 5.
There having been prejudicial error in the denial of the several rulings requested by the plaintiff, the finding for the defendant is to be vacated and the case is to stand for a new trial.