JOSEPH O. QUERY *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    December 8, 1964. — January 4, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Contract,* Of employment. *Labor. Jurisdiction,* Justiciable question,
Labor.

The declaration in an action of contract against a railroad by a former
employee, a member of a labor union having a collective bargaining
agreement with the defendant, alleging merely that the plaintiff in cer-
tain circumstances was discharged "contrary to the governing terms of
his employment," that he had exhausted his rights under union pro-
cedures, and that he had submitted his claim to the National Railroad
Adjustment Board, which dismissed it "without deciding . . . the
merits," was demurrable on the ground that it set forth no contract
right of the plaintiff to be employed after the dismissal or justiciable
claim and failed to state a cause of action.

CONTRACT.    Writ in the Superior Court dated October 9,
1962.

A demurrer to the declaration was sustained by *Sulli-
van,* J., and the plaintiff alleged an exception.

*Stephen R. Morse* for the plaintiff.

*Richard J. Mulhern,* for the defendant, submitted a brief.

WHITTEMORE, J.    The defendant's demurrer in this ac-
tion of contract was rightly sustained.    One ground is that
"the plaintiff has not stated in his declaration such a cause
as entitled him to relief against this defendant."    G. L.
c. 231, § 18, Second ("insufficient in law to enable the plain-
tiff to maintain his action").    *Whiton* v. *Batchelder & Lin-
coln Corp.* 179 Mass. 169, 172.    *Paddock* v. *Brookline,* 347
Mass. 230, 231.

The declaration alleges that the plaintiff was employed
from 1907 to 1946 and as a qualified engineer for steam
locomotives from 1918; he was a member in good standing
of a labor union with which the defendant had a collective
bargaining agreement; on or about December 10, 1945, while

he was under instruction to become a qualified engineer on Diesel locomotives there was a "break-in-two" of the Diesel drawn freight train in which the plaintiff was riding; on or about February 13, 1946, "contrary to the governing terms of his employment" the plaintiff was discharged for consistently refusing to make out and send in a report on form 1643 to cover the broken draw bar; the plaintiff refused to sign the report because form 1643 required that it be filed by the "engineer-in-charge" and the plaintiff was not in charge. The declaration also sets out that until July, 1955, the plaintiff "took all steps necessary to exhaust his rights of appeal within said union as governed by its constitution," and that in 1956 the plaintiff submitted his dispute to the National Railroad Adjustment Board and that the board in September, 1962, dismissed the claim "without deciding the dispute on the merits."

The declaration sets out no contract right in the plaintiff to be employed after the dismissal. The only right consequent to the discharge that is expressly alleged is of appeal under the union constitution. The allegation that the discharge was "contrary to the governing terms" may imply that the union contract contained a provision that was violated by the discharge. But the "governing terms" are not averred. There is no necessary implication that those terms were the equivalent of an unconditional employment contract with the plaintiff. On the contrary, the suggestion of the declaration is that the right given was of an appeal under union grievance procedures.

If we were to assume that the breach of an employment contract has been alleged, the declaration would remain inadequate. It shows the exercise of the right of appeal under union procedures but omits the outcome. It seeks to avoid the effect of final action by the Railroad Adjustment Board by alleging that the dismissal was not on the merits. But it does not show that the dismissal left the plaintiff with a justiciable claim. The implication is to the contrary. The statute imposes on the board the duty to decide "disputes between an employee . . . and a carrier."

45 U. S. C. § 153, First (i) (1958); § 152, Second (1958). The awards of the board are "final and binding . . . except insofar as they shall contain a money award." 45 U. S. C. § 153, First (m) (1958). Thus if there had been a wrongful discharge and an existing right to relief, the board's duty was to make a final adjudication in respect of it.

The defendant's brief deals only with two other grounds of demurrer one of which was the court's lack of jurisdiction of the subject matter. This has been argued as a question of Federal preëmption. State courts do have jurisdiction of causes of action of individual employees of carriers regulated by Federal law. *Moore* v. *Illinois Cent. R.R.* 312 U. S. 630, 636. *Transcontinental & Western Air, Inc.* v. *Koppal,* 345 U. S. 653, 660–662. Compare *Slocum* v. *Delaware, Lackawanna & Western R.R.* 339 U. S. 239 (jurisdictional dispute of two unions). The declaration, however, in failing to allege a right to continued employment notwithstanding a discharge contrary to "the governing terms" shows no more than a right subject to disposition under union and administrative procedures. Hence this ground of demurrer was also good.

*Exceptions overruled.*